IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARL LANEILL BROWN (01) AND
LENARD CHAUNCY DIXON (02),

        Defendants.

Case No. 98-40034-DDC

**MEMORANDUM AND ORDER DISMISSING DEFENDANTS' MOTIONS**

Each of this case's two defendants has filed a request asking the court to "adjust" or "amend" the restitution component of the judgments entered against them. *See* Doc. 239[1] & Doc. 248.[2] As they correctly recognize, this court's judgments imposed joint and several restitution obligations on both Mr. Brown and Mr. Dixon. *See* Doc. 149 at 5-6 (entering judgment against Mr. Brown and imposing restitution obligation of $4,948 jointly and severally with Mr. Dixon) & Doc. 150 at 5-6 (entering judgment against Mr. Dixon and imposing same restitution obligation, owed jointly and severally with Mr. Brown).

Mr. Dixon ignores his duty to establish that the court possesses jurisdiction to decide his request. But Mr. Brown, to his credit, recognizes his obligation and argues that 18 U.S.C.

---

[1] Mr. Brown filed a "PETITION SEEKING TO HAVE THE COURT USE ITS DISCRETION TO ADJUST THE APPORTION OF LIABILITY AMONG PERTITIONER'S CO-DEFENDANT IN REFLECTING THE ECONOMIC CIRCUMSTANCE LEVEL TO THE CONTRIBUTION TO THE RESTITUTION."

Mr. Brown also has filed a Motion to Appoint Counsel (Doc. 240). It requests the court to appoint counsel for him "in light of [*United States v.*] *Davis*[, 139 S. Ct. 2319 (2019)]." *Id.* at 1. On January 8, 2020, First Assistant Public Defender Kirk C. Redmond entered his appearance on behalf of Mr. Brown. Doc. 250. The court thus denies as moot Mr. Brown's Motion to Appoint Counsel.

[2] Mr. Dixon styled his request as a "Motion to Amend Restitution."

§ 3664(h), "via 3231's general grant" of jurisdiction, confers authority for the court to decide his motion. *See* Doc. 239 at 1-2. The court disagrees with Mr. Brown's interpretation of federal court jurisdiction.

In *United States v. Benitez*, 720 F. App'x 509 (10th Cir. 2018), the Circuit considered a post-judgment request by a defendant in a criminal case. In that case, the defendant had filed a series of motions asking the court to compel his former attorney to furnish him with his "criminal case file." *Id.* at 510. When the district court rejected his motions, the defendant appealed. The Circuit's analysis began with the jurisdictional issue, finding that the district court had jurisdiction over the criminal case under 18 U.S.C. § 3231. *Id.* But, the Court of Appeals explained, "§ 3231's grant of jurisdiction ended upon entry of the final judgment." *Id.* (first citing *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (holding that § 3231 doesn't provide jurisdiction for district courts to consider post-conviction motions); then citing *United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015) (rejecting argument that district court could set aside a guilty plea after entry of final judgment)).

Finally, the court notes Mr. Brown's reliance on Judge Gorsuch's dissenting opinion in *Spaulding*. *See* Doc. 239 at 2. Even if the court viewed *Spaulding* as the precedent controlling this case—and it does not since that case involved a different post-conviction motion—the dissenting opinion would not control the decision on these two motions. This court, of course, must follow the holding of the court's lead opinion.

Concluding that it lacks jurisdiction over Mr. Brown and Mr. Dixon's motions, the court dismisses both motions. *See Benitez*, 720 F. App'x at 511 ("When [a] district court lacks jurisdiction over a motion, the proper disposition is 'dismissal' rather than 'denial.'").

**IT IS THEREFORE ORDERED** that defendant Carl Laneill Brown's "PETITION SEEKING TO HAVE THE COURT USE ITS DISCRETION TO ADJUST THE APPORTION OF LIABILITY AMONG PERTITIONER'S CO-DEFENDANT IN REFLECTING THE ECONOMIC CIRCUMSTANCE LEVEL TO THE CONTRIBUTION TO THE RESTITUTION" (Doc. 239) is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that defendant LeNard Chauncy Dixon's "Motion to Amend Restitution" (Doc. 248) is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that defendant Carl Laneill Brown's Motion to Appoint Counsel (Doc. 240) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 9th day of January, 2020, at Kansas City, Kansas.**

                                             **s/ Daniel D. Crabtree**
                                             **Daniel D. Crabtree**
                                             **United States District Judge**