IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. | 98-40034-DDC |
| ) | | |
| CARL LANEILL BROWN, and ) | | |
| LENARD CHAUNCY DIXON, ) | | |
| Defendants. ) | | |
| _____) | | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO CORRECT ERROR IN JUDGMENT[1]

The United States of America, by and through Stephen R. McAllister, United States Attorney for the District of Kansas, and Gregory G. Hough, Assistant United States Attorney for said District, respectfully requests that the court enter orders summarily overruling, denying and dismissing defendant's Motion for Order to Correct Error in Judgment.[2] In support of said request, the government shows the court, as follows:

In the instant motion, each of this case's two defendants move the court, "pursuant to federal Rules of Civil Procedure 60(a), to correct a clerical error in the

---

1 Doc. 259.
2 *Id.*

1

judgment entered in this case . . . . so that the judgment will state the correct sum of $2474 for each defendant rather than the incorrect sum of $4948 for both defendant's."[3]

The instant motion seeks the same relief as the last motion filed by each of the defendants in this matter, on December 10, 2019.[4] In summarily dismissing that motion, entitled "Motion to Amend Restitution," the court held:[5]

> As they correctly recognize, this court's judgments imposed joint and several restitution obligations on both Mr. Brown and Mr. Dixon. *See* Doc. 149 at 5-6 (entering judgment against Mr. Brown and imposing restitution obligation of $4,948 jointly and severally with Mr. Dixon) & Doc. 150 at 5-6 (entering judgment against Mr. Dixon and imposing same restitution obligation, owed jointly and severally with Mr. Brown).
> 
> Mr. Dixon ignores his duty to establish that the court possesses jurisdiction to decide his request. But Mr. Brown, to his credit, recognizes his obligation and argues that 18 U.S.C. § 3664(h), "via 3231's general grant" of jurisdiction, confers authority for the court to decide his motion. *See* Doc. 239 at 1-2. The court disagrees with Mr. Brown's interpretation of federal court jurisdiction.
> 
> In *United States v. Benitez*, 720 F. App'x 509 (10th Cir. 2018), the Circuit considered a post-judgment request by a defendant in a criminal case. In that case, the defendant had filed a series of motions asking the court to compel his former attorney to furnish him with his "criminal case file." *Id.* at 510. When the district court rejected his motions, the defendant appealed. The Circuit's analysis began with the jurisdictional issue, finding that the district court had jurisdiction over the criminal case under 18 U.S.C. § 3231. *Id.* But, the Court of Appeals explained, "§ 3231's grant of jurisdiction ended upon entry of the final

---

[3] Doc. 259 at 1.
[4] Doc. 248.
[5] Doc. 252.

judgment." *Id.* (first citing *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (holding that § 3231 doesn't provide jurisdiction for district courts to consider post-conviction motions); then citing *United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015) (rejecting argument that district court could set aside a guilty plea after entry of final judgment)).

Finally, the court notes Mr. Brown's reliance on Judge Gorsuch's dissenting opinion in *Spaulding*. *See* Doc. 239 at 2. Even if the court viewed *Spaulding* as the precedent controlling this case—and it does not since that case involved a different post-conviction motion—the dissenting opinion would not control the decision on these two motions. This court, of course, must follow the holding of the court's lead opinion.

Concluding that it lacks jurisdiction over Mr. Brown and Mr. Dixon's motions, the court dismisses both motions. *See Benitez*, 720 F. App'x at 511 ("When [a] district court lacks jurisdiction over a motion, the proper disposition is 'dismissal' rather than 'denial.'").

Defendants not move, pursuant to Rule 60(a) to correct what they categorize as a "clerical error."[6]

Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record. Rule 60(a) may not be used to change something that was deliberately done, even though it was later discovered to be wrong. A correction under Rule 60(a) should require no additional proof.

Rule 60(a) does not limit the time within which the court may correct a judgment for such errors, and action in this regard may be taken at any time. A correction under Rule 60(a) is appropriate when a flaw lies in the translation of the original meaning to the judgment. The rule does not apply, however, to relief from substantive errors in judgment. In other words, Rule 60(a) does not allow the Court to substantively alter a judgment, but rather to make the judgment accurately reflect the underlying order(s). Thus, in order for an error to

---

6 Doc. 259 at 1.

judgment." *Id.* (first citing *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (holding that § 3231 doesn't provide jurisdiction for district courts to consider post-conviction motions); then citing *United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015) (rejecting argument that district court could set aside a guilty plea after entry of final judgment)).

Finally, the court notes Mr. Brown's reliance on Judge Gorsuch's dissenting opinion in *Spaulding*. *See* Doc. 239 at 2. Even if the court viewed *Spaulding* as the precedent controlling this case—and it does not since that case involved a different post-conviction motion—the dissenting opinion would not control the decision on these two motions. This court, of course, must follow the holding of the court's lead opinion.

Concluding that it lacks jurisdiction over Mr. Brown and Mr. Dixon's motions, the court dismisses both motions. *See Benitez*, 720 F. App'x at 511 ("When [a] district court lacks jurisdiction over a motion, the proper disposition is 'dismissal' rather than 'denial.'").

Defendants not move, pursuant to Rule 60(a) to correct what they categorize as a "clerical error."[6]

Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record. Rule 60(a) may not be used to change something that was deliberately done, even though it was later discovered to be wrong. A correction under Rule 60(a) should require no additional proof.

Rule 60(a) does not limit the time within which the court may correct a judgment for such errors, and action in this regard may be taken at any time. A correction under Rule 60(a) is appropriate when a flaw lies in the translation of the original meaning to the judgment. The rule does not apply, however, to relief from substantive errors in judgment. In other words, Rule 60(a) does not allow the Court to substantively alter a judgment, but rather to make the judgment accurately reflect the underlying order(s). Thus, in order for an error to

---

6 Doc. 259 at 1.

be clerical, there must be some inconsistency between what was expressed during the proceedings and what the judgment reflects.

*Doran Law Office v. Stonehouse Rentals, Inc*., 2020 WL 707980, at *2 (D.Kan., 2020) (internal citations omitted).

The total loss to the victims in this matter was $4,948. The court correctly ordered that restitution to those victims be paid by both defendants jointly and severally. Here, the thing spoken, written, and recorded is exactly what the sentencing court intended to speak, write, or record: joint and several restitution obligations on both Mr. Brown and Mr. Dixon in the amount of $4,948.[7] No flaw lies in the translation of the original meaning to the judgment. There is absolutely no inconsistency between what was expressed during the proceedings and what the judgment reflects.

---

[7] Doc. 252, *citing* Doc. 149 at 5-6 (entering judgment against Brown and imposing restitution obligation of $4,948 jointly and severally with Dixon) & Doc. 150 at 5-6 (entering judgment against Dixon and imposing same restitution obligation, owed jointly and severally with Brown).

For all of the above-stated reasons, it is respectfully submitted that the instant motion should be summarily overruled, denied and dismissed.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/ *Gregory G. Hough*
Gregory G. Hough, #12860
Assistant U.S. Attorney
444 S.E. Quincy, Suite 290
Topeka, KS. 66683
(785) 295-2850
Greg.Hough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record for the defendant and U.S. Probation Officer in this matter.

s/ *Gregory G. Hough*
Gregory G. Hough, #12860
Assistant U.S. Attorney
Greg.Hough@usdoj.gov