**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 98-40034-DDC |
| **CARL LANEILL BROWN (01) and LENARD CHAUNCY DIXON (02),** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Defendant LeNard Dixon has filed a "Motion to Correct Error in Judgment (Fed. R. Civ. P. 60(a))" (Doc. 259). The government filed a Response (Doc. 261). For reasons discussed below, the court denies the motion.

**I.     Whether Mr. Dixon may seek relief on behalf of Mr. Brown**

The filing appears to submit a request by Mr. Dixon and, arguably, his co-defendant, Carl Laneill Brown. *See* Doc. 259 at 1. But neither Mr. Dixon nor Mr. Brown signed the filing. *See id.* at 3. Whether Mr. Brown authorized this motion to be made on his behalf—and if so, how—remains a mystery.

To the extent that the motion intends to seek relief for Mr. Brown, the court rejects that request. Mr. Brown did not sign the motion. *See id.* And the motion's contents offer no suggestion that Mr. Brown authorized anyone to file it on his behalf. If the court construes the motion as Mr. Dixon's *request* to seek relief for Mr. Brown, the result is no different. Mr. Dixon is not a member of this court's bar. So, he may not represent others. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by

counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

Though Mr. Dixon's motion also bears Mr. Brown's name, the court treats it as one on behalf of Mr. Dixon only. On that basis, the court now proceeds to the motion's merits.

**II.      Whether the court has subject matter jurisdiction over Mr. Dixon's motion**

Mr. Dixon asks this court to correct a clerical error in his judgment. The court concludes that it has subject matter jurisdiction over this post-sentencing motion, but declines to grant Mr. Dixon the relief he requests. The court now explains its authority to consider this claim and its reasons for denying it.

**A. Legal standard and governing law**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

Mr. Dixon asks the court to correct an error in his Judgment through his motion under Federal Rule of Civil Procedure 60(a). *See* Doc. 259 at 1. A litigant in a civil suit may invoke Rule 60(a) to move the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *see also Doran Law Office v. Stonehouse Rentals, Inc.*, No. 14-2046-JAR-KGG, 2020 WL 707980, at *2–3 (D. Kan. Feb. 12, 2020). Mr. Dixon asserts that the Judgment "indicating the total amount of $4,948 should be considered a clerical error" for which Rule 60(a) provides a

remedy.  Doc. 259 at 3.  The parties overlook that Rule 60(a) is a rule of civil procedure.  It does not apply to this criminal case.[1]

But "the power to amend its records to correct inadvertent mistakes is an inherent power of the court."  *Allied Materials Corp. v. Superior Prod. Co., Inc.*, 620 F.2d 224, 226 (10th Cir. 1980).[2]  So it's no surprise that the Federal Rules of Criminal Procedure feature a similar rule to facilitate steps to correct clerical errors.  *See United States v. Meindl*, 269 F. App'x 849, 850–51 (10th Cir. 2008) (discussing the correction of clerical errors in criminal sentencing context).  Federal Rule of Criminal Procedure 36 provides that after "giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a [d]efendant's sentence."  *Blackwell*, 81 F.3d at 948–49 (citations omitted).  "Thus, the scope of Rule 36 is narrow."  *United States v. Gardner*, 601 F. App'x 717, 720 (10th Cir. 2015).  A party may file a motion under Rule 36 to request that the court correct a clerical error.  *See id.* at 720–21 (discussing standard of review for district court's denial of a "Rule 36 motion").

---

[1] The court pondered whether the civil rules might apply to Mr. Dixon's post-sentencing filing. They can apply in habeas contexts.  *See* Fed. R. Civ. P. 81(a)(4) (explaining that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases); *see also* Rule 12 of the Rules Governing Section 2255 Motions (explaining similar).  But the court does not construe Mr. Dixon's request to correct a clerical error as a collateral attack on his sentence.  The court thus evaluates the filing within the context of Mr. Dixon's criminal case and looks beyond the Federal Rules of Civil Procedure for guidance.  *See United States v. McCalister*, 601 F.3d 1086, 1087–88 (10th Cir. 2010).

[2] In contrast, a "'district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.'"  *United States v. Larsen*, 380 F. App'x 789, 791 (10th Cir. 2010) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

Here, Mr. Dixon's assertions suggest that his motion truly seeks to remedy a purported clerical error. *See* Doc. 259 at 2–3 (suggesting that the Clerk "filled in" the wrong sum). His motion does not appear to seek to correct an error of law or otherwise induce a substantive modification to the judgment. *Cf. Larsen*, 380 F. App'x at 791 (affirming dismissal for lack of jurisdiction of defendants' Rule 36 motions and holding that the "district court correctly concluded it lacked jurisdiction to consider [defendants'] motions" where it was "clear" that defendants sought "substantive modifications to their sentences" and did "not seek to correct a clerical error"); *United States v. Chavez-Cadenas*, No. CR 09-20005-10-KHV, 2016 WL 10788942, at *1 (D. Kan. Apr. 20, 2016), *reconsideration denied*, No. CR 09-20005-10-KHV, 2016 WL 10788943, at *1 (D. Kan. Sept. 27, 2016) (overruling defendant's motion under Fed. R. Crim. P. 36 to correct clerical error where motion sought "substantive changes").

And the court does not sense that Mr. Dixon brings a surreptitious habeas action cloaked in Rule 36's clothing. So, the motion does not trigger any jurisdictional alarms that police a district court's authority to consider claims for collateral relief. *Cf. United States v. Chisholm*, 621 F. App'x 543, 545 (10th Cir. 2015) (holding that "the district court did not err by construing [defendant's] Rule 36 motion as a § 2255 motion" where defendant's "arguments challenge the validity of his sentence"); *United States v. Hayden*, 10 F. App'x 647, 650 (10th Cir. 2001) (affirming district court's order denying defendant's Rule 36 motion where "none of the alleged errors asserted by [defendant] are the type considered 'clerical' under Rule 36 because they involve claims of substantive error" and because defendant's filing "appears to challenge the validity of his sentence, it should be construed as a § 2255 motion").

The court construes Mr. Dixon's pro se motion liberally as one under Rule 36. *See United States v. Alvarado*, No. CR 05-0377 BB, 2012 WL 13194903, at *1 (D.N.M. May 4,

2012) (construing liberally criminal defendant's pro se motion under Fed. R. Civ. P. 60(a) as one under Fed. R. Crim. P. 36). And the court concludes that it has subject matter jurisdiction over the motion.

Having sorted out those procedural and jurisdictional matters, the court now turns to the motion's substance.

### B. Whether Rule 36 provides Mr. Dixon relief

Mr. Dixon reasons that a clerical error blotted his Judgment because the restitution sum purportedly fails to reflect the court's intent to subject the two defendants to joint and several liability. *See* Doc. 259 at 2. Mr. Dixon asserts that the Clerk "erroneously did not divide the total damages found by the court[ ] in half, and filled in the total $4,948 as the sum for which each defendant was liable because . . . the evidence at trial establish total damages in the amount of $4,948, and the evidence supporting the proposition that each of the two defendant[ ]s owed only half of that sum $2,474[.]" *Id.* at 2–3.

But Mr. Dixon's arguments suggest that he misunderstands "joint and several liability." He has plenty of company. This legal concept can befog law students, attorneys, judges, and juries alike. *See, e.g.*, *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 313 (7th Cir. 2010) (noting that concepts like "joint and several liability are potentially confusing for a jury"); *Moffitt v. United States*, 978 F.2d 1265 (9th Cir. 1992) (describing the concept of joint and several liability as "somewhat confusing"). The Supreme Court's recent summary of the concept should clarify things. The Supreme Court explained:

> A creature of tort law, joint and several liability applies when there has been a judgment against multiple defendants. If two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount.

5

*Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017) (citations and internal quotation marks omitted).

Here, Mr. Brown and Mr. Dixon are jointly and severally liable for the restitution obligation. *See* Doc. 149 at 5–6 (entering judgment against Mr. Brown and imposing restitution obligation of $4,948 jointly and severally with Mr. Dixon); Doc. 150 at 5–6 (entering judgment against Mr. Dixon and imposing same restitution obligation, owed jointly and severally with Mr. Brown). And Mr. Dixon agrees. *See* Doc. 259 at 2.

So, Mr. Dixon remains liable "for the *entire* amount of the harm[.]" *Honeycutt*, 137 S. Ct. at 1631 (emphasis added). But the plaintiff here may recover "only once for the full amount." *See id.* This clarification of "joint and several liability" should relieve Mr. Dixon's misplaced concern that "$9,896 [is] being awarded to the [victim]." Doc. 259 at 2.

Contrary to the motion's assertions, *see id.* at 2–3, the Judgment correctly reflects the court's intent to allocate liability jointly and severally between Mr. Dixon and Mr. Brown. There was no error. Mr. Dixon's motion thus fails to identify "a clerical error" or "an error . . . arising from oversight or omission." Fed. R. Crim. P. 36. Absent a clerical error to correct, Rule 36 provides no remedy for Mr. Dixon. *See Gardner*, 601 F. App'x at 720–21 (holding that "the district court properly rejected [defendant's] motion" because his "request was beyond the scope of Rule 36"); *see also Meindl*, 269 F. App'x 850 (affirming district court's denial of defendant's petition for a nunc pro tunc order to correct errors in the court's record "because the record indicates that no clerical error was committed"). The court thus denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's "Motion to Correct Error in Judgment (Fed. R. Civ. P. 60(a))" (Doc. 259) is denied.

**IT IS SO ORDERED.**

6

**Dated this 24th day of November, 2020, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**